ANTON LOMAN, Plaintiff,
v.
MELISSA GERBER, and JOHN DOES 1-20, Defendants.
ANTON LOMAN, Plaintiff-Appellee Cross-Appellant,
v.
INEZ BUTTERFIELD, Defendant-Appel ant/Cross-Appellee, and
CITY AND COUNTY OF HONOLULU, Defendant-Appellee/Cross-Appellee, and
JOHN DOES 1-20, Defendants.
No. 26527
Supreme Court of Hawaii.
December 21, 2007.
On the briefs, Roy F. Epstein and Carlos D., Perez-Mesa of Epstein & Perez-Mesa for Defendant-Appellant/Cross-Appellee, Inez Butterfield.
Randall L.K.M. Rosenberg and Charles E. McKay of Garcia, Rosenberg & McKay for Plaintiff-Appellee/Cross-Appellant, Anton Loman.
Moana A. Yost, Deputy, Corporation Counsel, for Defendant-Appellee/Cross-Appellee, City and County of Honolulu.

SUMMARY DISPOSITION ORDER
MOON, C.J. LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.
Defendant-Appellant/Cross-Appellee Inez Butterfield ("Butterfield") appeals and Plaintiff-Appellee/Cross-Appellant Anton Loman ("Loman") cross-appeals from the first circuit court's[1] April 8, 2004 amended judgment ("amended judgment") (1) in favor of Defendant-Appellee/Cross Appellee City and County of Honolulu ("the City") and against Loman and Butterfield, and (2) in favor of Loman and against Butterfield.
On appeal, Butterfield argues that (1) the circuit court erred by awarding the City $5,952.21 in costs against Butterfield inasmuch as the City was not a "prevailing party" under Hawaii Arbitration Rules ("HAR") Rules 25[2] and 26[3] and (2) the circuit court erred by assessing Butterfield and the City $15,000.00 each in attorneys' fees.
On cross-appeal, Loman argues that the circuit court abused its discretion by awarding him prejudgment interest accruing from September 24, 2002 rather than from the date of the accident, May 19, 1998, pursuant to HRS § 636-16.[4]
Upon carefully reviewing the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we hold that:
(1) The circuit court did not abuse its discretion[5] by awarding the City $5,921.21 in costs against Butterfield because Loman[6] as well as the City[7] can be prevailing parties under the plain language of HAR Rule 25;[8]
(2) The circuit court erred by ordering Butterfield to pay a total of $30,000.00 in attorneys' fees, because HAR Rule 26 limits the sanctions against the non-prevailing party to $15,000.00 total in attorneys' fees;
(3) the City and Loman should share the $15,000.00 in attorneys' fees in proportion to their work and reasonable rates as calculated under the lodestar doctrine;[9]
(4) The circuit court did not abuse its discretion by ordering Butterfield to pay prejudgment interest accruing from September 24, 2002, rather than from the date of the accident.[10] Therefore,
IT IS HEREBY ORDERED that (1) the circuit court's April 8, 2004 amended judgment with respect to its award of $30,000 of attorneys' fees to Loman and the City is vacated and remanded with instructions to divide the $15,000.00 in attorneys' fees between the City and Loman in proportion to their reasonable fees and hours, as calculated under the "lodestar method"; and (2) the circuit court's April 8, 2004 amended judgment is affirmed in all other respects.
NOTES
[1] The Honorable Victoria S. Marks presided.
[2] HAR Rule 25 (1999) states as follows:

The Prevailing Party in the Trial De Novo; Costs.
(A) The "Prevailing Party" in a trial de novo is the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more. For the purpose of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.
(B) The "Prevailing Party" under these rules, as defined above, is deemed the prevailing party under any statute or rule of court. As such, the prevailing party is entitled to costs of trial and all other remedies as provided by law, unless the Court otherwise directs.
[3] HAR Rule 26 (1995) provides:

Sanctions for failing to prevail in the trial de novo.
(A) After the verdict is received and filed, or the court's decision rendered in a trial de novo, the trial court may, in its discretion, impose sanctions, as set forth below, against the non-prevailing party whose appeal resulted in the trial de novo.
(B) The sanctions available to the court are as follows:
(1) Reasonable costs and fees (other than attorneys' fees) actually incurred by the party but not otherwise taxable under the law, including, but not limited to, expert witness fees, travel costs, and deposition costs;
(2) Costs of jurors;
(3) Attorneys' fees not to exceed $15,000;
(C) Sanctions imposed against a plaintiff will be deducted from any judgment rendered at trial. If the plaintiff does not receive a judgment in his or her favor or the judgment is insufficient to pay the sanctions, the plaintiff will pay the amount of the deficiency. Sanctions imposed against a defendant will be added to any judgment rendered at trial.
(D) In determining sanctions, if any, the court shall consider all the facts and circumstances of the case and the intent and purpose of the Program in the State of Hawaii.
(Emphases added.)
[4] HRS § 636-16 (1993) states:

In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.
(Emphasis added.)
[5] See Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai`i 494, 511, 880 P.2d 169, 186 (1994) (holding that when reviewing a circuit court's decision to impose Rule 26 sanctions, "the only relevant inquiries are: (1) whether the party against whom the sanctions were imposed is a `non-prevailing party,' in the trial de novo and (2) whether the decision to impose sanctions constituted an abuse of discretion").
[6] See Rosa v. Johnston, 3 Haw. App. 420, 431, 651 P.2d 1228, 1237 (1982) ("In multiple parties cases, a party may be a losing party vis-a-vis, two other parties.") (Citing Smothers v. Renander, 2 Haw. App. 400, 633 P.2d 556 (1981)).

Our ruling in Molinar v. Schweizer, 95 Hawai`i 331, 22 P.3d 998 (2001), in which we declined to name two prevailing parties does not apply to the present case. In Molinar, we rejected Molinar's argument that she was a "prevailing party" under HRCP Rule 54(d) because this rule is superceded by HAR Rule 25, which states that the "prevailing party" pursuant to HAR Rule 25 "is deemed the prevailing party under any statute or rule of court." Molinar, 95 Hawai`i at 334, 22 P.3d at 981. However, in the present case, the City and Loman fulfill the requirements of HAR Rule 25 as "prevailing parties" and neither rely on HRCP Rule 54(d) to argue their status.
[7] HAR Rule 25 defines how a party may qualify as a "prevailing party" regardless of whether the party is a plaintiff, defendant, codefendant, or co-plaintiff. Thus, HAR Rule 25 does not preclude a codefendant or any other party from the status of a "prevailing party."
[8] The legislative purpose in establishing the CAAP was to "reduce delay and cost" and to provide an "alternative to costly and protracted litigation." Spec. Comm. Rep. No. S5-86, in 1986 Senate Journal Special Session, at 29. See Kealoha v. County of Hawafi, 74 Haw. 308, 325-26, 844 P.2d 670, 678, recon. denied, 847 P.2d 263 (1993). HAR Rule 26, which enforces these objectives, authorizes a trial court to sanction non-prevailing parties "whose decision to appeal the arbitration award and pursue a trial de novo was unreasonable under the circumstances of the particular case, albeit grounded to some degree in law or fact." Richardson, 76 Hawai`i at 511, 880 P.2d at 186. HAR Rule 26 is designed to discourage "incurring further costs and expenses of trial" through "baseless or frivolous appeals from an arbitration decision . . . because they prevent prompt and equitable resolutions of actions." Id.; Kealoha, 74 Haw. at 326, 844 P.2d at 679.
[9] The "lodestar method" reflects the amount of work done on the case: the reasonable hourly rate of compensation (in consideration of the community's hourly rate) is multiplied by the actual hours worked and then may be adjusted based on the "contingent nature of success" and "quality of [the] attorneys' work." Montalvo v. "Chang, 64 Haw. 345, 358-59, 641 P.2d 1321, 1331 (1982) (overruled on other grounds by Chun v. Bd. of Trustees of the Employees' Ret. Sys., 92 Hawaii 432, 992 P.2d 127 (2000)) (citations omitted).
[10] This court has previously observed the extent of the trial court's discretion to deny prejudgment interest, as follows:

[I]t is clearly within the discretion of the circuit court to deny prejudgment interest where appropriate, for example, where: (1) the defendant's conduct did not cause any delay in the proceedings, see Amfac, Inc. Iv. Waikiki Beachcomber Inv. Co., 74 Haw. 85,] 137, 839 P.2d [10,] 36, [recon. denied, 74 Haw. 650, 843 P.2d 144 (1992)]; (2) the plaintiff himself has caused or contributed to the delay in bringing the action to trial, see Schmidt[], 73 Haw. [at] 534-35, 836 P.2d [at] 484 . . .; or (3) an extraordinary damage award has already adequately compensated the plaintiff, see Leibert v. Finance Factors, Ltd., 71 Haw. 285, 293, 788 P.2d 833, 838 (holding that it was an abuse of discretion for the circuit court to award prejudgment interest to a treble damages award), recon. denied, 71 Haw. 664, 833 P.2d 899 (1990).
Roxas v. Marcos, 89 Hawai`i 91, 153, 969 P.2d 1209, 1271 (1998), recon., denied, 89 Hawai`i 91, 969 P.2d 1209 (1999) (emphasis added).
We have also elaborated that Amfac, recognized that the trial court was authorized but not required to award prejudgment interest:
(1) if fault is found on the part of the party seeking interest, denial of interest will not be considered an abuse of discretion;
(2) if fault is found on the part of the party opposing interest, an award of interest will not be considered an abuse of discretion; and (3) where no fault is found on either side, the trial court may still award or deny prejudgment interest in its, discretion, depending on the circumstances of the case.
Tri-S Corp. v. W. World Ins. Co., 110 Haw. 473, 498, 135 P.3d 82, 107 (2006), recon. denied, 2006 Haw. LEXIS 462 (2006) (emphasis added).